IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY [signature] D.C.
05 SEP -2 PM 4:24
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

LYNN MARIE POLINSKI,

Plaintiff,

vs.

SARA LEE CORPORATION/JIMMY DEAN FOODS,

Defendant.

Civ. No. 04-2912-M1/P

ORDER DENYING DEFENDANT'S REQUEST FOR ATTORNEY'S FEES AND/OR DISMISSAL OF COMPLAINT

On August 3, 2005, the court entered an order granting defendant Sara Lee Corporation's ("Sara Lee") motion to compel, which was filed on July 14, 2005. In the motion to compel, Sara Lee asked the court to order plaintiff Lynn Marie Polinski to respond to all outstanding discovery requests, to award attorney's fees to Sara Lee, and to dismiss this case with prejudice. In the August 3 order, the court ordered Polinski to respond to all outstanding discovery requests within eleven days. Regarding Sara Lee's request for attorney's fees and dismissal as sanctions against Polinski, the court ordered counsel for Polinski, Mr. Bradley G. Kirk, to submit a supplemental response describing in detail his reasons for not timely responding to the discovery requests. On August 18, 2005, Mr. Kirk filed his supplemental

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 9-6-05



response under seal (with permission from the court).

The Federal Rules of Civil Procedure authorize the court to impose sanctions for discovery abuse, which could include dismissing the complaint with prejudice and awarding attorney's fees. See Fed. R. Civ. P. 37(c)(1)(authorizing sanctions under Rule 37(b)(2)(C)); Fed. R. Civ. P. 26. In determining whether to impose the sanction of dismissal, courts have taken into consideration several factors, including: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal and the availability of alternative sanctions; and (6) the meritoriousness of the claim or defense. See Amalgamated Bank of New York v. The Pennsylvania Co., No. Civ.A. 93-6703, 1995 WL 71324, at *2 (E.D. Pa. Feb. 21, 1995) (citing Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984)); Freeland v. Amigo, 103 F.3d 1271, 1276 (6th Cir. 1997) (explaining that in deciding what sanctions are appropriate under Rule 37, the court considers whether the party's failure to cooperate in discovery was willful; the prejudice to the other party; whether the offending party had been previously warned that failure to cooperate in the future could lead to the sanction; and whether less drastic sanctions were first imposed or considered); see also FDIC v.

Conner, 20 F.3d 1376, 1380 (5th Cir. 1994); Southern Union Co. v. Southwest Gas Corp., 180 F.Supp.2d 1021, 1062 (D. Ariz. 2002) ("Extreme sanctions, however, such as striking pleadings . . . are reserved for extreme circumstances.").

In this case, Sara Lee's requested sanction of dismissal is not warranted. Although this is not the first time that Polinski has failed to comply with the discovery rules and failed to timely respond to Sara Lee's motion to compel, see June 17, 2005 Order granting Sara Lee's Motion to Compel Initial Disclosures, it appears that these discovery violations were the fault of counsel, Mr. Kirk, and not the plaintiff herself. Moreover, there is no indication from the record that the conduct was willful or in bad faith. The court also does not believe that an award of attorney's fees is appropriate at this time, based on the medical reasons set forth in Mr. Kirk's supplemental response.

However, Polinski and counsel are hereby warned, again, that any failure to comply with the court's orders or to respond to discovery requests shall result in sanctions, including dismissal of the complaint with prejudice and an award of attorney's fees.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

September 2, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 20 in case 2:04-CV-02912 was distributed by fax, mail, or direct printing on September 6, 2005 to the parties listed.

---

Maurice Wexler
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Bradley G. Kirk
CARTER STANFILL & KIRK
25 Natchez Trace Dr.
Lexington, TN 38351

Angie Davis
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT